## LOCAL 302, INTERNATIONAL UNION OF OPERATING ENGINEERS, AFL–CIO, Plaintiff–Appellee,

### v.

## Harry WEST, d/b/a West Construction Company, Inc., Defendant–Appellant.

### No. 88–3796.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 27, 1989.

Decided Aug. 11, 1989.

---

Larry E. Halvorson, James C. Webber and Miriam M. Reed, Davis Wright & Jones, Bellevue, Wash., for defendant-appellant.

Russell J. Reid and Kenneth J. Pedersen, Davies, Roberts & Reid, Seattle, Wash., for plaintiff-appellee.

Before FARRIS, NOONAN and LEAVY, Circuit Judges.

NOONAN, Circuit Judge:

Local 302, International Union of Operating Engineers, filed a complaint to compel arbitration of a grievance brought against Harry West, d/b/a West Construction Company, Inc. After trial, the district court entered judgment requiring arbitration. Defendant appeals. At issue is whether the defendant, by its conduct, effectively repudiated a pre-hire agreement with the union. Holding that repudiation did not occur, we affirm the district court.

## FACTS

On May 10, 1966, West Co. Const. entered into a pre-hire agreement with Local 302. Entitled "Compliance Agreement," the contract bound West Co. Const. to the terms of a collective bargaining agreement between the Associated General Contractors of America, Inc. (AGC) and Local 302. The compliance agreement was to be effective through May 31, 1968 and from year to year thereafter unless either party delivered to the other a written notice of termination. If the basic agreement with AGC was modified, Local 302 was to notify the company in writing and if the company did not within 30 days give a written rejection of the modification, the modification was accepted. In the event of a dispute as to the proper interpretation of the agreement, the matter was to be referred to a board of conciliation whose decision would be final.

West Co. Const., also known as Westco and West Co., was a sole proprietorship operated by Harry West. In 1974 Harry West ceased operations as a sole proprietorship and formed West Construction Company, Inc. (the Corporation), of which he was president; his wife, Viola, was secretary and his son, Harry, vice president. These three, plus two other sons, were the stockholders.

The Corporation sent monthly remittance reports to the administrator of the health and security and pension funds established by the basic agreement with AGC. These reports acknowledged that the undersigned employer agreed to make contributions to these trust funds "as required by the current Labor Agreement." The contributions were at the rates set forth in that agreement.

In 1983 Local 302 gave notice that a new agreement had been reached between it and AGC. The required health and security and partnership training contributions were increased. The Corporation paid the increased rates.

The AGC agreement requires employers to seek employees through the hiring hall maintained by Local 302, and the Local has 48 hours to refer applicants before the employer can hire elsewhere. Between 1982 and the date of trial, the Corporation on 40 separate occasions sought workers from Local 302 through the hiring hall.

On several occasions, business agents of Local 302 observed individuals being employed by the Corporation who had not been referred through the hiring hall. The agents objected. Harry West or his son Harry denied there was an existing agreement with Local 302. On two of these occasions, however, after denying the exist-

ence of the agreement, West or his son requested workers from Local 302. Local 302 would not have referred the workers, as it did, if it did not believe a binding contract was in effect.

Once in 1982, and again in 1986, agents of the union asked Harry West to update the 1966 Compliance Agreement by signing such an agreement in the name of the Corporation. West refused. West Co. Const., the Corporation, or West himself, never sent a notice of formal termination of the 1966 agreement.

The district court found the facts just recited and held that as a matter of law the Corporation was the alter ego of Harry West and bound by the terms of the 1966 agreement. As a finding of fact, the district court further held that neither Harry West nor the Corporation had effectively repudiated the agreement. The district court consequently ordered submission of the grievance of Local 302 to the board of conciliation.

### ANALYSIS

It is too plain for argument that the Corporation is the alter ego of Harry West, who executed the 1966 Compliance Agreement. What is argued here is that the Corporation effectively repudiated the agreement. The argument, of course, is not that formal termination of the agreement occurred in accordance with its terms. The argument is, rather, that by oral denials that the agreement existed and by the hiring of some non-union employees, the conduct of the Corporation manifested a rejection of the agreement.

The problem with this argument is that conduct that constitutes repudiation must be unambiguous. While, taken in isolation, the oral denials that an agreement existed sound unambiguous enough, these denials were undercut by inconsistent practice on the part of the Corporation. The question is presented as to whether the Corporation was repudiating or whether it was out of compliance with the agreement. The payments to the AGC trust funds were acts of compliance. It is settled circuit law that performance of obligations under a compli-

ance agreement is persuasive evidence that repudiation has not occurred. *Trustees for Alaska Laborers v. Ferrell*, 812 F.2d 512, 518 (9th Cir.1987). Reviewing the district court's finding of non-repudiation as a question of law, we find no error in its ruling.

The Corporation also presents a decision by the regional office of the National Labor Relations Board issued after the judgment in the district court and makes an argument not made to the district court as to the construction of the 1966 agreement. These issues are not properly raised on this appeal and will not be considered by us.

Local 302 asks for attorneys' fees on the grounds that the appeal was frivolous. The issue of law was decided by *Ferrell* and the appeal is close to frivolous. Nonetheless we hold that there was some basis for argument as to the effect of the Corporation's oral statements and decline to award the attorneys' fees.

AFFIRMED.